UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JERRY MARTIN, JR. | CIVIL ACTION |
| VERSUS | NO. 23-5113 |
| SUSAN HUTSON | SECTION "R" (4) |

## ORDER AND REASONS

Before the Court is defendant Susan Hutson's motion to dismiss.[1] Plaintiff opposes the motion.[2] For the reasons set forth below, the Court grants the motion.

## I. BACKGROUND

This action arises from the allegedly unlawful termination of plaintiff's employment as a Unit Manager of the Orleans Justice Center, a correctional facility under the control of the Orleans Parish Sheriff's Office.[3] Plaintiff alleges that when Hutson, Orleans Parish Sheriff, terminated his employment on September 7, 2022, he was not given a reason for the

---

[1] R. Doc. 7.
[2] R. Doc. 13.
[3] R. Doc. 1.

termination, and he was not informed that he had the right to appeal his termination or request a name-clearing hearing.[4] Plaintiff alleges that a press release issued on the date of his termination stated that he was fired for cause because he was "untrained, incompetent, and unsafe."[5] Plaintiff contends that he was fired because he is Black and because he is a man, and that, in fact, Hutson had no cause to fire him.[6] In support of his race discrimination claim, plaintiff contends that, on the same day he was terminated, another Black man was terminated and replaced with a white man.[7] In support of his sex discrimination claim, he alleges that he was replaced by a woman, and that on the same day he was terminated, another Black man was terminated and replaced with a woman or had his duties reassigned to a woman.[8] Plaintiff does not specify these women's races. Plaintiff further alleges that Hutson made comments that she would "promote these women," referring to women employed at the Orleans Justice Center, and that she frequently told her advisers that she distrusted many of her employees in leadership positions at the Orleans Justice Center, but only

---

[4]   *Id.* ¶¶ 16-17.
[5]   *Id.* ¶ 21.
[6]   *Id.* ¶¶ 21, 24.
[7]   *Id.*
[8]   *Id.* ¶ 21.

directed these sentiments to Black men.[9] Plaintiff alleges that as a result of the press release announcing his termination for cause, he was rejected from a job with the St. Tammany Parish Sheriff's Office.[10]

Plaintiff brings causes of action against Hutson in her individual and official capacities for violation of his right to due process under the Fourteenth Amendment, actionable under 42 U.S.C. § 1983; race discrimination in violation of 42 U.S.C. § 1981, actionable under Section 1983; and sex discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment, actionable under Section 1983.[11] Hutson now moves to dismiss plaintiff's due process, race discrimination, and sex discrimination claims for failure to state a claim upon which relief can be granted.[12]

The Court considers the motion below.

## II.   LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft*

---

[9]   *Id.*
[10]  *Id.* ¶¶ 23-25.
[11]  *Id.* ¶¶ 31-60.
[12]  R. Doc. 7.

3

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  The Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff.  *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239, 244 (5th Cir. 2009).  But the Court is not bound to accept as true legal conclusions couched as factual allegations.  *Iqbal*, 556 U.S. at 678.

On a Rule 12(b)(6) motion, the Court must limit its review to the contents of the pleadings, including attachments.  *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014).  The Court may also consider documents attached to a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims.  *Id.*  Additionally, the Court may "consider matters of which [it] may take judicial notice."  *Hall v. Hodgkins*, 305 F. App'x 224, 227 (5th Cir. 2008) (alteration in original) (quoting *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996) (internal quotation marks omitted)).

## III.   DISCUSSION

### A.   Due Process Claim

Hutson contends that plaintiff's due process claims fail as a matter of law because plaintiff's pleading indicates that he never requested a name-clearing hearing.[13] Plaintiff contends that he did not ask for such a hearing because Hutson improperly failed to inform him of the availability of the procedure.[14]

A government employee establishes a violation of the Due Process Clause of the Fourteenth Amendment by showing that the "government employer discharge[d] the individual under circumstances that will do special harm to the individual's reputation and fail[ed] to give that individual an opportunity to clear his name." *Cunningham v. Castloo*, 983 F.3d 185, 191 (5th Cir. 2020) (quoting *Rosenstein v. City of Dallas*, 876 F.2d 392, 395 (5th Cir. 1989)). To prevail on a Section 1983 due process claim alleging deprivation of liberty without notice or the opportunity for a name-clearing hearing, a plaintiff must show (1) he was discharged, (2) stigmatizing charges were made against him in connection with the discharge, (3) the charges were false, (4) he was not provided notice or an opportunity to be

---

[13]   R. Doc. 7-1 at 2-5.
[14]   R. Doc. 13 at 4-7.

5

heard prior to the discharge, (5) the charges were made public, (6) he requested a hearing to clear his name, and (7) the employer denied the request. *Bellard v. Gautreaux*, 675 F.3d 454, 462 (5th Cir. 2012) (citing *Bledsoe v. City of Horn Lake*, 449 F.3d 650, 653 (5th Cir. 2006)).

Most circuits that have considered the question have concluded that a plaintiff must request some kind of name-clearing hearing, regardless of whether an employer informs him of his right to request one. *See, e.g.*, *Quinn v. Shirey*, 293 F.3d 315, 324 (6th Cir. 2002) ("[A] plaintiff who fails to allege that he has requested a hearing and was denied the same has no cause of action, whether or not he had been informed of a right to a hearing before filing suit."); *Wojcik v. Mass. State Lottery Comm'n*, 300 F.3d 92, 103 (1st Cir. 2002) ("[T]he government must have failed to comply with the employee's request for an adequate name-clearing opportunity."); *Winskowski v. City of Stephen*, 442 F.3d 1107, 1111 (8th Cir. 2006) (holding that "an employee who fails to request post-termination process cannot later sue for having been deprived of it," even when his employer does not offer him one).

While the Fifth Circuit has not directly addressed the question, its precedent suggests that it would agree with these decisions. First, the seven-factor test explicitly requires a plaintiff to show that he requested an

6

opportunity to clear his name and does not condition this requirement on any action by the employer. Second, in *Bledsoe v. City of Horn Lake, Mississippi*, the Fifth Circuit affirmed the district court's dismissal of plaintiff's due process claim for wrongful termination at summary judgment because of the plaintiff's "undisputed failure to request a [name-clearing] hearing." 449. F.3d at 654. While the plaintiff argued that his employer breached his obligation to notify him of his right to such a hearing, the Fifth Circuit was "not persuaded by this argument." *Id.* The Court concluded that "even assuming the City had such a duty," the City's written personnel policies permitted an appeal of any disciplinary action, and those policies would have been sufficient to put the plaintiff on notice of his right to contest the termination. *Id.* The Court did not hold that there was a duty to inform a terminated employee of his or her right to a hearing.

Defendant contends that *In re Selcraig*, 705 F.2d 789, 796 (5th Cir. 1983), and *Rosenstein v. City of Dallas*, 876 F.2d 392, 396-97 (5th Cir. 1989), impose a duty on public employers to notify employees of their right to a hearing upon termination. But, as indicated by the Fifth Circuit's comments in *Bledsoe*, neither of these cases imposed any such duty. In *Rosenstein*, the Fifth Circuit read *Selcraig* to impose upon employers a duty to "make known to the stigmatized employee that he may have an opportunity to clear his

7

name upon request" when the employer "elect[s] to implement a special procedure" for clearing a terminated employee's name distinct from its "established appeals procedure" for challenging a termination for cause. *Rosenstein*, 876 F.2d at 396 (quoting *Selcraig*, 705 F.2d at 796). The Court concluded that, if a terminated employee can show that his request to appeal a discharge decision was denied, that employee can establish that his request for a name-clearing hearing was denied by showing that the employer did not inform him of the availability of an alternate name-clearing procedure. *Id.*

Here, the allegations in plaintiff's complaint reflect that he did not request a name-clearing hearing, and plaintiff does not allege that he requested and was denied the opportunity to appeal his termination through a standard appeals procedure. Based on the foregoing authorities, the Court finds that plaintiff's due process claim fails as a matter of law because his complaint reflects that he did not request a name-clearing hearing, and, thus, the claim must be dismissed. *See Macklin v. City of New Orleans*, 300 F.3d

552, 553 (5th Cir. 2002) ("[T]he requirement that [a name-clearing] hearing be requested by the claimant is well-established in Fifth Circuit law.").

## B. Race Discrimination Claim

Section 1981 provides that, "[a]ll persons . . . have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens."  42 U.S.C. § 1981(a).  The right to make and enforce contracts includes the termination of contracts.  *Id.* § 1981(b).  To state a claim under Section 1981, a plaintiff must allege (1) the plaintiff is a member of a racial minority, (2) the defendant had an intent to discriminate on the basis of race, (3) the discrimination concerns one or more of the activities enumerated in the statute.  *Sherrod v. United Way Worldwide*, 821 F. App'x 311, 316 (5th Cir. 2020).  "The analysis of discrimination claims under § 1981 is identical to the analysis of Title VII claims."  *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017).  Thus, plaintiff "[must] plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make his case plausible."  *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016).  In particular, when a claim depends on circumstantial evidence, "a plaintiff must allege facts sufficient to support a finding 'that he was treated less favorably than others outside of his protected class.'"

*Olivarez v. T-mobile USA, Inc.*, 997 F.3d 595, 600 (5th Cir. 2021) (quoting *Alkhawaldeh v. Dow Chem. Co.*, 851 F.3d 422, 427 (5th Cir. 2017)).

Here, plaintiff sufficiently alleges that he is a member of a racial minority and that Hutson's alleged discrimination concerns an activity enumerated in Section 1981, the termination of a contract of employment. *See Body by Cook, Inc.*, 869 F.3d at 386. In attempting to show that he was "treated less favorably than others outside of his protected class," *Alkhawaldeh*, 851 F.3d at 427, plaintiff alleges only that Hutson fired one other Black man and replaced him with a white man, and that she told her advisers that she distrusted certain employees who held leadership positions but directed these comments only towards Black men.[15] Plaintiff's complaint does not allege the race of his replacement, or the race of the person who replaced another Black man whose employment was terminated on the same day as plaintiff.[16] Plaintiff's complaint does not include any allegations that Hutson made derogatory comments about the protected class in general or point to any other circumstantial evidence of bias against Black people as a class. *Cf. Cicalese*, 924 F.3d at 768 (holding that plaintiff adequately alleged a disparate treatment claim when he alleged that defendant made derogatory

---

[15] R. Doc. 1 ¶ 24.
[16] *Id.*

10

comments about the protected class generally). Although plaintiff alleges that another Black man was terminated and replaced with a white man, plaintiff does not allege the race of his own replacement. *See Kelley v. KIMC Invs., Inc.*, No. 10-2384, 2012 WL 639283, at *4 (N.D. Tex. Feb. 28, 2012) (granting motion to dismiss when plaintiff failed to allege "he was replaced by a person who is not African American"); *Wilson v. CC Holdings Rest. Grp.*, No. 19-872, 2020 WL 2734769, at *3 (S.D. Ohio May 26, 2020) ("[T]he complaint does not contain any specific facts showing that individuals outside of plaintiff's protected class were actually treated more favorably than plaintiff or that plaintiff was replaced by someone outside of his protected class."), *report and recommendation adopted*, 2020 WL 3577714 (S.D. Ohio July 1, 2020). Moreover, Hutson is herself Black, making it unlikely that she discriminated against plaintiff because he is Black. *See Battle v. Mnuchin*, 480 F. Supp. 3d 198, 206 (D.D.C. 2020) ("While it is certainly possible for a person to engage in racial discrimination against someone of the same race, common sense suggests that this is unlikely."); *Drummond v. IPC Int'l, Inc.*, 400 F. Supp. 2d 521, 532 (E.D.N.Y. 2005) ("[A] well-recognized inference against discrimination exists where the person who participated in the allegedly adverse decision is also a member of the same protected class."). Taken together, plaintiff's allegations are

insufficient to permit a reasonable inference that Hutson terminated plaintiff because of race. *See Chhim*, 836 F.3d at 470-71 (affirming 12(b)(6) dismissal of race, color, and national origin discrimination claim because plaintiff failed to plead sufficient facts to infer that termination occurred "*because* of his race, color, or national origin" (emphasis in original)). Accordingly, the Court finds that plaintiff has failed to state a claim for race discrimination under Section 1983, and the claim must be dismissed.

### C. Sex Discrimination Claim

Hutson contends that plaintiff's sex discrimination claim must be dismissed because (1) plaintiff's use of Section 1983 as the procedural vehicle for his claim is an improper attempt to circumvent exhaustion requirements under Title VII, and (2) plaintiff cannot show that others who were similarly situated but outside of the protected class were treated more favorably.[17]

As to the exhaustion requirement, Section 1983 provides a cause of action for sex discrimination independent of Title VII. *Southard v. Tex. Bd. of Crim. Just.*, 114 F.3d 539, 550 (5th Cir. 1997). While the Fifth Circuit has not directly addressed the issue, most circuits that have considered it have concluded that a plaintiff may file a sex discrimination action against a non-

---

[17] R. Doc. 7-1 at 5-10.

federal defendant under Section 1983 without fulfilling the exhaustion requirements associated with Title VII. *See Trigg v. Fort Wayne Cmty. Sch.*, 766 F.2d 299, 302 (7th Cir. 1985) ("A plaintiff may sue her state government employer for violations of the Fourteenth Amendment through § 1983 and escape Title VII's comprehensive remedial [and procedural] scheme."); *Brown v. Hartshorne Pub. Sch. Dist. No. 1*, 864 F.2d 680, 683 (10th Cir. 1988) ("[A] section 1983 plaintiff need not comply with the exhaustion requirements of Title VII."); *Henley v. Brown*, 686 F.3d 634, 642-43 (8th Cir. 2012) ("[A]n employment discrimination plaintiff asserting a violation of a constitutional right may bring suit under section 1983 alone, without having to plead concurrently a violation of Title VII and comply with the Act's procedural requirements."). Accordingly, the Court finds that, because plaintiff pleaded claims for violations of the Equal Protection Clause through Section 1983, he was not required to exhaust administrative remedies before suit.

On the merits, to plead a sex discrimination claim under Section 1983 for a violation of the Equal Protection Clause, the plaintiff "must allege . . . that they received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." *Edelstein v. City of Brownsville*, No. 20-40211, 2021

WL 4096581, at *3 (5th Cir. Sept. 8, 2021) (quoting *Priester v. Lowndes, Cnty.*, 354 F.3d 414, 424 (5th Cir. 2004)).  In the context of an adverse employment action, "the showing a plaintiff must make to recover on a disparate treatment claim under Title VII mirrors that which must be made to recover on an [E]qual [P]rotection claim under [S]ection § 1983." *Smith v. City of Salem, Ohio*, 378 F.3d 566, 577 (6th Cir. 2004) (quoting *Gutzwiller v. Fenik*, 860 F.2d 1317, 1325 (6th Cir. 1988)); *see also Merwine v. Bd. of Trustees for State Institutions of Higher Learning*, 754 F.2d 631, 635 n.3 (5th Cir. 1985) (noting that "the elements required to be established for" sex discrimination claims under Section 1983 and Title VII "are deemed the same").

 Here, plaintiff alleges that he was replaced with a woman, and that, on the same day, another Black man was terminated and replaced with a woman or had his duties reassigned to a woman.  But plaintiff's allegation that he was "better qualified" than his female replacement is conclusory.[18]  Plaintiff's complaint "contains no facts plausibly suggesting that [plaintiff] was better or equally qualified" than his replacement, *Chhim*, 836 F.3d at 471, but simply makes the "bare assertion" that they are similarly situated and that he was better qualified than she was.  *Eason v. Evans Cty. Bd. of Comm'rs*,

---

18 R. Doc. 1 ¶¶ 21, 50.

14

No. 13-41, 2013 WL 5674497, at *2 (S.D. Ga. Oct. 17, 2013); *see also Coleman v. Maryland Ct. of Appeals*, 626 F.3d 187, 191 (4th Cir. 2010) (affirming 12(b)(6) dismissal of race discrimination claim and noting "the complaint fails to establish a plausible basis for believing [comparator] and [plaintiff] were actually similarly situated or that race was the true basis for [plaintiff]'s termination"), *aff'd sub nom. Coleman v. Ct. of Appeals of Maryland*, 566 U.S. 30 (2012); *Hager v. Arkansas Dep't of Health*, 735 F.3d 1009, 1015 (8th Cir. 2013) (affirming 12(b)(6) dismissal of sex discrimination claim and noting that plaintiff's "conclusory assertion that she was discharged under circumstances similarly situated men were not imports legal language couched as a factual allegation and fails to raise a right to relief above the speculative level"); *Hill v. Meharry Medical College*, No. 23-145, 2024 WL 23148, at *6 (E.D. Va. Jan. 2, 2024) (dismissing sex discrimination claim and holding that mere assertion that comparator was less qualified amounted to "'formulaic recitation' of the necessary elements and . . . [was] conclusory" (quoting *Iqbal*, 556 U.S. at 678-79)); *Castillo-Reyes v. Dep't of Soc. Servs.*, No. 20-869, 2021 WL 6339253, at *2 (D. Conn. Mar. 26, 2021) (declining to reconsider dismissal of Title VII claims and noting assertion that plaintiff is similarly situated to comparator "does not allege any facts from which a jury could infer that [the comparator was] similarly situated to [plaintiff]; rather,

15

this statement asserts the conclusion that [the comparator was] similarly situated"); *Raj v. Louisiana State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) ("[Plaintiff's] complaint . . . did not allege any *facts*, direct or circumstantial, that would suggest [employer]'s actions were *based on* [plaintiff]'s race or national origin or that [employer] treated similarly situated employees of other races or national origin more favorably." (emphasis added)). Further, plaintiff alleges that, on the same day, a similarly situated third Black man was terminated and replaced with another man, undermining the likelihood that plaintiff was terminated because of his sex.[19]

To show "that the unequal treatment stemmed from a discriminatory intent," *Priester*, 354 F.3d at 424, plaintiff alleges that Hutson told her advisers that she distrusted certain employees who held leadership positions but directed these comments only towards Black men, and that she stated that she intended to promote certain women who served at the Orleans Justice Center.[20] As with plaintiff's race discrimination claim, plaintiff does not allege that Hutson made derogatory comments about men in general or point to any other circumstantial evidence of bias against men. The comments that plaintiff points to were directed towards individuals, and do

---

[19] *Id.* ¶ 41.
[20] *Id.* ¶ 24.

16

not evince any general bias against men. *See Wallace v. Methodist Hosp. Syst.*, 271 F.3d 212, 222 (5th Cir. 2001) ("In order for a protected class-based comment to be probative of an employer's discriminatory intent, it must be direct and unambiguous, allowing a reasonable jury to conclude without any inferences or presumptions that the employee's protected class was a determinative factor in the decision to terminate the employee." (quoting *Wyvill v. United Cos. Lif. Ins. Co.*, 212 F.3d 293, 304 (5th Cir. 2000) (cleaned up)). Taken together, plaintiff's allegations are insufficient to permit a reasonable inference that Hutson terminated plaintiff because of sex. *See Olivarez*, 997 F.3d at 600 (affirming 12(b)(6) dismissal of analogous gender identity discrimination claim based on plaintiff's failure to adequately plead facts showing less favorable treatment than others "similarly situated" outside of the protected class). Accordingly, the Court finds that plaintiff has failed to state a claim for sex discrimination under Section 1983, and the claim must be dismissed.

### D. Official Capacity Claims

Plaintiff pleads his claims against Sheriff Hutson in both her individual and official capacities. A suit against a government official in her official

capacity is "another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690 n.55 (1978). To state a claim for municipal liability, a plaintiff must allege (1) an official policy or custom, of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation caused by that policy or custom. *Robinson v. Hunt Cty., Tex.*, 921 F.3d 440, 447 (5th Cir. 2019) (quoting *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002)). Because plaintiff has failed to state his claims for constitutional violations, plaintiff's official capacity claims against Sheriff Hutson must be dismissed. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (noting that, to state a claim for municipal liability, a plaintiff must establish the elements of personal liability in addition to the existence of a policy or custom that caused the constitutional violation).

### E. Opportunity to Amend

Hutson contends that plaintiff's due process and race and sex discrimination claims should be dismissed with prejudice, and that plaintiff should not be given leave to amend his complaint before dismissal.[21] A plaintiff must "'expressly request' leave to amend." *Law v. Ocwen Loan*

---

[21] R. Doc. 7-1 at 2.

*Servicing, L.L.C.*, 587 F. App'x 790, 796 (5th Cir. 2014) (quoting *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003)). Plaintiff has not requested leave to amend the complaint. Accordingly, plaintiff's claims must be dismissed without leave to amend. *See Cinel v. Connick*, 15 F.3d 1338, 1346 (5th Cir. 1994) (affirming dismissal with prejudice under Rule 12(b)(6) when plaintiff failed to request leave to amend).

## IV. CONCLUSION

For the foregoing reasons, Hutson's motion to dismiss is GRANTED. Plaintiff's claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __14th__ day of June, 2024.

    _____
    SARAH S. VANCE
    UNITED STATES DISTRICT JUDGE